IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GAYLE WELCH,

      Debtor-Appellant,

vs.                                                                               Case No. 14-CV-1395-DRH
                                                                        Bankruptcy Case No. 14-40277

DANA S. FRAZIER

      Trustee-Appellee.

## MEMORANDUM & ORDER

**HERNDON, District Judge**:

### I. Introduction

This is an appeal from the bankruptcy court's December 16, 2014 order granting Trustee Dana Frazier (hereinafter "Trustee-Appellee") motion to withdraw trustee's statement of abandonment of property and report of no distribution pursuant to 11 U.S.C. § 554(c)(*In re Gayle Welch*, BK Case No. 14-40277, Doc. 49). For the reasons set forth below, the Court **AFFIRMS** the bankruptcy court's order.

### II. Background

On March 20, 2014, Debtor Gayle Welch (hereinafter "Debtor-Appellant") filed a Chapter 7 bankruptcy petition. Schedule A, submitted with the petition, designated her ownership of real estate located at 16350 Log Cabin Road, Johnston City, Illinois valued at $138,000.00 encumbered by a secured claim for $130,638.00 (Doc. 8, pg. 6). Debtor-Appellant's Schedule D indicated that Bank

of America, N.A., (hereinafter "Bank of America") had a first mortgage on the real estate, thus Bank of America filed a motion for relief from stay as to the real property at 16350 Log Cabin Road, Johnston City, Illinois. The motion was granted on May 23, 2014. Following the Trustee-Appellee's filing of her Report of No Distribution, the case was closed on July 29, 2014.

Thereafter, on August 28, 2014, the Trustee-Appellee moved to reopen the bankruptcy estate upon discovering a defect in the mortgage encumbering the debtor's property. It was revealed that the legal description in the mortgage did not include the Debtor-Appellant's real estate located at 16350 Log Cabin Road, ultimately affecting the validity of Bank of America's lien on the real estate. This information was contrary to Debtor-Appellant's Schedules and Bank of America's representations in its motion for relief from automatic stay. Bank of America sought modification of the mortgage to correct its legal description in a state court foreclosure action, which provided notice of the mistake Trustee-Appellee (Doc. 9, pg. 8). Accordingly, the Bankruptcy Court granted the Trustee's motion to reopen over Debtor-Appellant's objection.

Thereafter, on September 30, 2014, Trustee-Appellee filed a motion to withdraw Trustee's statement of abandonment on the basis of the newly-discovered defect in the bank's security interest. The Bankruptcy Court granted the motion to withdraw Trustee's statement of abandonment in a December 16, 2014 Order, over Debtor-Appellant objection. Bank of America did not file any objections to the motion to reopen the case nor the motion to withdraw trustee's

statement of abandonment (Doc. 9, pg. 9). Debtor-Appellant subsequently filed a notice of appeal on December 18, 2014 (Doc. 1) to have the matter reviewed by this Court.

### III. Standard of Review

Pursuant to 28 U.S.C. § 158, a federal district court has jurisdiction to hear appeals from the rulings of the bankruptcy court. On appeal, a district court "may affirm, modify or reverse a bankruptcy court's judgment, order or decree, or remand with instructions for further proceedings." FED.R.BANKR.P. 8013; *see also In re Tolona Pizza Prods. Corp.*, 3 F.3d 1029, 1033 (7th Cir. 1993). Accordingly, the Court reviews the bankruptcy court's findings of fact for clear error and reviews its conclusions of law *de novo. First Weber Group, Inc. v. Horsfall*, 738 F.3d 767, 776 (7th Cir. 2013); *Stamat v. Neary*, 635 F.3d 974, 979 (7th Cir. 2011); *In re ABC-Naco, Inc.*, 483 F.3d 470, 472 (7th Cir. 2007). The Court reviews mixed questions of fact and law *de novo. Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004).

### IV. Analysis

In this case, 11 U.S.C. §554(c) governs the matter of abandonment at issue. The provision states that "unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." 11 U.S.C. § 554(c). Under § 554(c), courts have held that this language grants the authority to reopen a bankruptcy case

under special circumstances of mistake so long as innocent parties will not be prejudiced by the withdrawal of the abandonment. See e.g. *In re Lintz West Side Lumber, Inc.,* 655 F.2d 786 (7th Cir.1981). See also, *In re Johnson*, 361 B.R. 903, 906 (Bankr. D. Mont. 2007) (citing *DeVore v. Marshack* (*In re DeVore*), 223 B.R. 193, 197 (9th Cir. BAP 1998).

In seeking her appeal of the bankruptcy court's order, the Debtor-Appellant contends that the trustee's abandonment of the property cannot be revoked, even with the subsequent discovery of the defect in the bank's security interest (Doc, 8, p 9-10). *See In re Lintz West Side Lumber, Inc.,* 655 F.2d 786, 789 (7th Cir.1981) ("abandonment orders are ordinarily irrevocable"). In response, the Trustee-Appellee argues that the abandonment of the property may be rescinded under the exception set forth in *Lintz*. Both parties cite to *Lintz* as Seventh Circuit authority for this matter; however, each argues opposing views as to whether the situation at hand fits within the described exception.

In *Lintz*, the Seventh Circuit stated that an exception to abandonment's finality exists allowing for an order of abandonment to be revoked if it occurred by mistake and the parties had not been unduly prejudiced. *In re* Lintz *West Side Lumber, Inc.*, 655 F.2d at 791. The Seventh Circuit found that the trustee in *Lintz* was simply trying to correct the flawed distribution of property by abandonment to a creditor with an unperfected security interest that had been subsequently discovered. *Id.* Specifically, the Seventh Circuit stated that: "[W]here there has been a mistake in the original abandonment and where the purported secured

creditor has not been unfairly prejudiced, we do not believe that the bankruptcy judge is precluded from reconsidering the entry of such an order setting aside a prior abandonment order." Id. at 790. That same rationale can be applied to the facts in the case at bar, as was done by the bankruptcy judge.

In this case, Debtor-Appellant admits that "all parties were unaware that there was a flaw in the bank's security interest" (Doc. 8, pg. 7). Debtor-Appellant's Schedules and Bank of America's representations on in its motion for relief from automatic stay incorrectly described the bank's mortgage, which did not describe the real estate at 6350 Log Cabin Road, Johnston City, Illinois. After the property was abandoned, Trustee-Appellee learned of the mistake in the legal description of Bank of America's mortgage. Under *Lintz*, these circumstances certainly qualify as a valid "mistake" within described exception. In addition, there is no suggestion that the property had undergone an unanticipated increase in value or that it was the motivating factor pushing the Trustee-Appellee to seeking withdrawal of the abandonment order.

Finally, Debtor-Appellant does put forth a valid argument that withdrawal of the abandonment order would come at the expense of an innocent party. Debtor-Appellant alleges that "the mortgage holder would lose in the amount of all pending claims ($11,859.50) plus Trustee's fees and costs. The record reveals insufficient equity in the property to cover these costs [in addition to Bank of America's secured claim for $130,638.00]" Doc. 8, pg. 10). However, as Trustee-Appellee notes, Debtor-Appellant agreed she would not be prejudiced by the

withdrawal of the abandonment order; her interest in the property was surrendered to Bank of America (Doc 9, pg. 10). Looking then to Bank of America, it, too, will not face unfair prejudice by the withdrawal of the abandonment order under the circumstances.

The bank did not have a mortgage on the 6350 Log Cabin Road, Johnston City, Illinois property. The legal description described in Bank of America's mortgage does not describe the real estate at 16350 Log Cabin Road, Johnston City, Illinois. Moreover, the bank's security interest in said property remains unperfected. Trustee-Appellee also highlights that Bank of America's defective mortgage may prejudice other creditors on the property. "[I]t is far more likely that other creditors would be prejudiced by an unfair distribution of the debtor's estate," if the abandonment order was not withdrawn (Doc. 9, pg. 10). *In re Bartels*, 449 B.R. 355, 358 (Bankr. W.D. Wis. 2011). Currently, "[g]eneral unsecured creditors have filed a total of $11,859.50 in claims" (Doc. 9, pg. 5). Therefore under the circumstances of this case, the bankruptcy court's decision granting withdrawal of the abandonment order was not an abuse of discretion. The withdrawal of abandonment, in this case, meets the criteria within the exception to abandonment's finality. Therefore, the bankruptcy court's order (*In re Gayle Welch*, BK Case No. 14-40277, Doc. 49) is affirmed.

## V. Conclusion

Accordingly, the Bankruptcy Court's Order granting motion to withdraw trustee's statement of abandonment of property and report of no distribution (*In re Gayle Welch,* BK Case No. 14-40277, Doc. 49) is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 12th day of August, 2015.

Digitally signed by David R. Herndon
Date: 2015.08.12 12:11:03 -05'00'

**United States District Judge**